UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD AMMAR CHICHAKLI,

                    Petitioner

v.                                                CIVIL ACTION
                                                  NO. 16-12258-GAO

WARDEN J. GRONDOLSKY,

                    Respondent.

**MEMORANDUM AND ORDER**
December 12, 2016

O'TOOLE, D.J.

**I.      Introduction**

On November 16, 2016, petitioner Richard Chichakli, a prisoner incarcerated at FMC

Devens in Ayer, Massachusetts, filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2241 with an incorporated memorandum in support.   The petition names as respondents:

(1) Warden J. Grondolsky; (2) Thomas R. Kane, the Acting Director of the Federal Bureau of

Prisons (BOP); (3) C. Hunton, FMC Devens Unit Manager; and (4) P. Surowaniec, FMC Devens

Case Manager.   The petition seeks various relief, including (1) an Order directing the removal

of the "Management Variable" (MV) in his record for allegedly being a flight risk; (2) an Order

directing expungement of unsupported entries in his records, including his Security

Classification; (3) an Order restoring 27 days of good time credit that he alleges was taken by the

BOP improperly as a disciplinary sanction; (4) an Order for expungement of the incident report

forming the basis of his loss of good time credit, and for reversal of the disciplinary sanction;

(5) an Order for correction of the records to reflect his release date to its original setting of May

13, 2017; and (6) an Order to process his referral packet submitted to the Residential Reentry

Management Office for his re-designation to a camp or low-security facility near his home and

family in the Dallas-Fort Worth area of Texas, in accordance with BOP's policy to house

prisoners within 500 miles from home.

In brief, Chichakli contends that the BOP has manipulated his designations in order to

place him at a higher-security facility by increasing his MV based on his being a flight risk.

Pet. (Docket No. 1 at ¶ 9).    Absent this variable, which remains in effect until January 17,

2017, Chichakli claims he would be designated mandatorily from low-security placement to a

camp placement.    Further, he contends that he has been incarcerated in "Administrative

Facilities" that are not low-security.    Id.    He claims that the reason for the MV against him was

in retaliation for reporting a bribery/extortion scheme while he was incarcerated in FDC-Miami

in 2015.    He alleges that he was asked, by an inmate acting as a middleman, to pay money in

exchange for a 12-month halfway house and home confinement package deal, but he refused the

proposal and reported this scheme to BOP staff.    Id. at ¶ 11.    Additionally, he claims the BOP

has placed him in harsh conditions of confinement for the same political reasons for which he

was convicted.    Id. at 4.    He contends that he is not mentally ill and should not be incarcerated

at FMC Devens, an administrative medical facility used to treat sex offenders and others with

mental health issues.    Further, he alleges that his designation to FMC Devens was made in order

to punish him by separating him from his family and the designation is inconsistent with his

records.

Chichakli alleges that the named respondents are in collusion with each other and with

BOP staff in Miami to conceal the bribery and extortion scheme that he reported while in

custody in Miami in 2015.    He claims the respondents deliberately stalled the BOP's

administrative remedy procedure and failed to respond to his requests for an administrative

remedy with respect to an alleged incident report against him by a BOP staff member based on a fabricated incident on September 14, 2015.   He further claims that the BOP staff at FMC Devens has "brushed-off" the refusal to respond to his appeal regarding a false incident report, on the grounds that "it is Miami['s] problem."   Id. at 5.   He contends this violated the Administrative Procedure Act, 5 U.S.C. § 555 *et seq.*   He points to various records that he claims were falsified or back-dated.

Chichakli alleges that Surowaniec deliberately and maliciously gave him bad assessment reports (regarding programming and living skills), falsified documents (including residency records), misled him and gave him false instructions in order to delay his halfway house/home confinement referral packet for five months, preventing him from receiving fair consideration for halfway house and/or home confinement.

Chichakli contends that Hunton failed to address the unusual behavior of Surowaniec and has relied on his personal opinions rather than a document-supported approach to issues relating to security classification, halfway house release, and the flight risk MV.   He alleges that the unit team (both Surowaniec and Hunton) caused a variety of delays, initially blaming the delay on Warden Grondolsky; however, when this was brought to the Warden's attention by Chichakli's complaint, the unit team was ordered to consider the referral package, ultimately submitted on July 12, 2016.   He claims the unit team refused to recommend halfway house placement as required by 18 U.S.C. § 3624(c) and did not consider the five factors mandated to be considered under the statute.   Instead, they recommended four or five months of home confinement. Chichakli seeks expedited relief insofar as there is less than six months remaining until his release and he is eligible for halfway house release in December, 2016. He did not, however, pay

the $5.00 filing fee for habeas petitions nor did he seek a waiver thereof. In light of this, on

November 17, 2016, this Court issued a Procedural Order (Docket No. 4) directing Chichakli to

pay the filing fee or file a Motion for Leave to Proceed *in forma pauperis* along with his prison

account statement, by December 9, 2016. On November 18, 2016, Chichakli paid the $5.00 filing

fee.

## II.     Discussion

### A.     Warden Grondolsky is the Only Proper Respondent

Chichakli has not made any distinct allegations against respondent BOP Acting Director

Kane and there is no basis to include him as a respondent in this habeas action.    Accordingly, he

shall be terminated as a respondent in this action and all claims against him are DISMISSED.

Next, Chichakli has made numerous allegations of wrongdoing by respondents Hunton

and Surowaniec with respect to matters affecting his release from incarceration.    These

allegations of civil rights violations, however, are not raised properly in a habeas petition.[1]

There is no basis to include these respondents in this habeas action.    The habeas relief Chichakli

seeks may be obtained, if he is entitled to it, from an Order directed to Warden Grondolsky, who

---

[1]To the extent Chichakli seeks to assert separate claims against these respondents, he must do so, if at all, by means of a non-habeas civil action by filing a Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.    Along with the Complaint, he must pay the $350.00 filing fee and the $50.00 administrative fee, or seek a waiver thereof by filing a Motion for Leave to Proceed *in forma pauperis* along with his certified prison account statement for the six-month period preceding the filing of the Complaint.    Unlike habeas actions, prisoners filing a non-habeas civil action are not eligible to receive a complete waiver of the filing fee; rather, prisoners must pay monies toward the filing fee in installments pursuant to the formula set forth in 28 U.S.C. § 1915(b) until the entire fee is paid.

is the only proper respondent here.[2]   Accordingly, Hunton and Surowaniec shall be terminated as respondents in this action and all claims against them are <u>DISMISSED</u>.   This action may proceed with the Warden Grondolsky as the sole respondent.

  B.  <u>Order for Service of the Habeas Petition</u>

  In light of the above, this Court will direct the clerk to serve the petition on Warden Grondolsky, and will direct him to file a response within twenty-one (21) days from the date of this Memorandum and Order.

## III. Conclusion and Order

  Based on the above, it is hereby Ordered that:

1. All claims against respondents Thomas R. Kane, C. Hunton, and P. Surowaniec are <u>DISMISSED</u>.   The clerk shall terminate these respondents as parties to this action and shall correct the docket accordingly;

2. The Clerk of this Court shall serve a copy of the petition upon (i) FMC Devens Warden Jeff Grondolsky; and (ii) the United States Attorney for the District of Massachusetts; and

3. The respondent shall file an answer or other responsive pleading within 21 days after the service of the petition.   The answer or other responsive pleading must also include a

---

[2]It is well-settled that a prisoner contesting the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition.   <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434 (2004); <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian is the individual having day-to-day control over the facility in which petitioner is being detained), <u>cert. denied</u>, <u>sub</u> <u>nom</u>. <u>Vasquez v. Ashcroft</u>, 122 S. Ct. 43 (2001).   The reason that the proper respondent is deemed to be the individual with the day to day control over a petitioner is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."   <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973); <u>see</u> 28 U.S.C. § 2243 (directing that "[t]he writ or order to show cause shall be directed to the person having custody of the person detained.'").

statement notifying this Court of the existence of any victim or victims as defined by 18 U.S.C. § 3771.


SO ORDERED.


/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE